UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| YANDONG SONG,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECHA, Warden (or Facility Administrator) of the Adelanto ICE Processing Center, et al.,<br><br>Respondents. | No. 5:26-cv-05156-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**PROCEEDINGS**

On September 5, 2026, Yandong Song ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging his arrest and detention by immigration authorities under 8 U.S.C. § 1357(a)(2), and Fourth and Fifth Amendments, seeking immediate release. Dkt. 1 ("Petition" or "Pet."). The Petition is electronically signed by Petitioner's counsel. Id. at 25. On September 15, 2026, Respondents filed an Answer to the Petition. Dkt. 7 ("Ans."). On September 17, 2026, Petitioner filed a Reply. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. Pet. ¶ 1. He was admitted to the United States on a B-2 visitor visa on July 20, 2018. Id. ¶ 19. His visa expired on January 19, 2019. Id. ¶ 27, Exh. 4. Petitioner filed an application for asylum and for withholding of removal on July 18, 2019, which remains pending. Id. ¶ 19. Although neither party submitted a Form I-213, Petitioner recites information allegedly contained therein. According to Petitioner, the Form I-213 indicated that the Dongfeng Road Sub-Bureau of the Zhengzhou City Public Security Bureau issued a detention warrant for Petitioner on July 2, 2018. Id. ¶ 32. On January 31, 2019, at the request of the People's Republic of China, INTERPOL published a Red Notice for Petitioner. The Form I-213 describes the offense as "fraud"; the underlying Chinese accusation is the offense of "illegally absorbing public deposits." Id. ¶ 33. Petitioner contends that the accusation is false. Id. ¶ 34.

On July 1, 2026, Enforcement and Removal Operations, Foreign Fugitive Unit, allegedly received a lead referral from U.S. Citizenship and Immigration Services identifying Petitioner as a visa overstay and the subject of an INTERPOL Red Notice. Pet. ¶ 37. On August 18, 2026, in a targeted enforcement operation, Petitioner was arrested by immigration authorities. Id. ¶ 38. He avers he received no notice or an opportunity to be heard before he was taken into custody. Id. ¶ 40. Respondents issued a Notice to Appear under Immigration and Nationality Act § 237(a)(1)(B) for remaining in the United States longer than permitted and removal proceedings were initiated. Id. ¶ 31, Exh. 4. Petitioner's next master calendar hearing is October 8, 2026. Id. ¶ 31.

Petitioner received a bond hearing on September 4, 2026, at which he was represented by counsel and submitted evidence. Pet. ¶ 42; Ans. at 2. The immigration judge ("IJ") denied bond, finding Petitioner "failed to meet his

burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it." Pet., Exh. 2. Petitioner reserved appeal. Id. Rather than filing an appeal, Petitioner filed the instant Petition the next day.

## III.
## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). Petitioner has failed to carry his burden to prove that his current custody violates his federal rights such that he is entitled to immediate release.

### A. Challenges to Initial Arrest

In the First Claim, Petitioner challenges his detention without pre-deprivation process, and in the Second Claim, he challenges his arrest without a judicial warrant or probable cause determined by a neutral judicial officer. As Petitioner concedes, he received a bond hearing on September 4, 2026, but argues that such relief was insufficient to cure his pre-detention deprivation, and release is the only appropriate remedy. See Pet. ¶¶ 68-69, 75.

As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its

object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). At the time of the Petition, he had a bond hearing, at which he was found to be a flight risk. The present detention is thus based on his ongoing removal proceedings and the IJ's custody determination, rather than solely on the circumstances of his initial detention. Id.

Further, Petitioner has not shown a procedural due process violation warranting immediate release. He contends he had a constitutionally protected liberty interest "in remaining free from civil detention while lawfully at liberty and pursuing his pending application for asylum." Pet. ¶ 75; see also id. ¶ 52. At the time of his detention on August 18, 2026, however, he had overstayed his visa by more than seven years and was advised at the time of his arrest that he was being detained for overstaying his visa. See Pet., Exh. 4. Even assuming a cognizable liberty interest existed, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that the prompt post-detention bond hearing he received, at which he was represented by counsel and afforded the opportunity to challenge his detention, was inadequate to safeguard that liberty interest and mitigate the risk of erroneous deprivation. Although Petitioner cites other district court decisions ordering release based on the facts in those cases (see, e.g., Pet. ¶¶ 67-68), the undersigned finds on the facts here, release is not warranted. Again, assuming a liberty interest, Petitioner, who had no lawful status in the United States at

the time of his arrest, was provided a Notice to Appear, Form I-862, at the time of his arrest, advising him of the basis for the removal proceedings in writing, and has had an opportunity to challenge his detention at a bond hearing in which he was represented by counsel, presented evidence, and had the opportunity to appeal the outcome of the bond decision to the Board of Immigration Appeals ("BIA"). Given that Petitioner has been found to be a flight risk, continued detention serves the government's interest in ensuring Petitioner's appearance at future proceedings. The Court finds that the process Petitioner received post-deprivation was sufficient to protect his alleged liberty interest. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Accordingly, Petitioner has not shown that his arrest renders his present detention unlawful or that release is the appropriate remedy.

**B. Challenges to Bond Decision**

In his Third Claim, Petitioner challenges the IJ's bond decision, arguing the IJ's reliance on "the INTERPOL Red Notice and the Chinese warrant, unsupported by any probative and specific evidence, drawn from a Form I-213 that is internally contradictory and materially inaccurate, and in disregard of [his] substantial evidence of community ties, compliance, and family responsibility" is an abuse of discretion and a denial of due process. Pet. ¶ 79. In his Fourth Claim, Petitioner contends that he is neither a danger nor flight

risk and his detention based on the Red Notice "is not reasonably related to any permissible purpose and therefore violates substantive due process." Id. ¶ 81. Such claim ignores the fact that he has been found to be a flight risk by an IJ. Thus, although Petitioner maintains this claim does not concern the bond hearing (Reply at 4), by arguing that there is no permissible basis for his detention, he implicitly challenges the IJ's finding to the contrary.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived if administrative remedies are inadequate, not efficacious, or if pursuit thereof would be futile, if irreparable injury would result, or if administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner reserved appeal, but rather than filing an appeal with the BIA, he filed the instant Petition. As noted, the Petition was filed the day after the IJ's bond decision. Petitioner could have waited to file this petition after appealing to the BIA. See Leonardo, 646 F.3d at 1160; Rojas-Garcia, 339 F.3d at 819. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. First, Petitioner challenges the IJ's reliance on the INTERPOL Red Notice and Chinese warrant and argues that the Guerra factors "overwhelmingly" favor him. See Pet. ¶¶ 71, 79. Petitioner, who is represented by counsel, presents no evidence why the factual issues underpinning these assertions cannot be addressed and corrected in the context of an appeal to the BIA. The factual record can and should be properly developed by the BIA, particularly given that Petitioner has not otherwise presented any evidence of the bond hearing record and the IJ has indicated it would "provide a memorandum to facilitate review" of an appeal. See Pet., Exh. 2; see also Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-

eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown he will suffer irreparable injury that he, in particular, will suffer by waiting for a BIA decision. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to his bond decision should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition (a) with prejudice as to the First and Second Claims; and (b) without prejudice as to Third and Fourth Claims.

Dated: September 18, 2026__

JOHN D. EARLY
United States Magistrate Judge